# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

ROBERT PAUL WROLSTAD, )
)
    Movant, )
)
v. ) No. 1:10-CV-202 CAS
)
UNITED STATES OF AMERICA, )
)
    Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on federal prisoner Robert Paul Wrolstad's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence ("Motion to Vacate"). The government filed a response in opposition. Movant did not file a traverse, and the time to do so has expired. Therefore, this matter is ready for decision. For the following reasons, movant's Motion to Vacate will be denied.

### *I. Background*

On April 10, 2008, movant was charged in a 34 count indictment with one count of conspiracy to commit wire fraud and mail fraud, 12 counts of wire fraud, 12 counts of mail fraud, and 3 counts of money laundering. The charges arose out of a mortgage fraud scheme involving purchases and sales of residential real estate properties located in Sikeston, Missouri. Movant was charged with his co-conspirator, Russell Todd McBride. Attorney Jeffrey J. Rosanswank, retained counsel, entered his appearance on movant's behalf.[1] On January 5, 2009, movant's counsel filed a waiver of pretrial motions. On January 14, 2009, movant appeared with counsel before the

---

[1] Patrick M. McMenamin also entered an appearance as local counsel.

Honorable Lewis M. Blanton, United States Magistrate Judge, and waived his right to file pretrial motions on the record. Magistrate Judge Blanton found movant's waiver to be voluntary.

In June 2009, the parties reached a plea agreement, under which movant agreed to plead guilty to 28 of the charges against him. Movant signed a written Plea Agreement, Guidelines Recommendations and Stipulations ("Plea Agreement") on June 2, 2009. Under the Plea Agreement, the parties agreed that movant's base offense level should be 7, but that under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"): (a) 20 levels should be added pursuant to Section 2B.1(b)(1)(K) because the loss was more than $7,000,000.00, but less than $20,000,000.00; (b) 4 levels should be added pursuant to Section 2B.1(b)(2)(B) because the offense involved 50 or more victims but less than 250; (c) 2 levels should be added pursuant to Section 2B.1(b)(14) because movant derived more than $1,000,000.00 in gross receipts from one or more financial institutions as a result of the offense; (d) 1 level should be added pursuant to Section 2S.1.1 (b)(2)(A) because movant engaged in money laundering; and (e) 3 levels should be deducted pursuant to Section 3E1.1(a) because movant demonstrated acceptance of responsibility and "timely notified" authorities of his intent to enter a plea of guilty. See Plea Agreement at 6-7. It is noted in the Plea Agreement that the parties did not agree as to whether movant qualified for a mitigating role reduction pursuant to Section 3B1.2(b), but that movant could request, and the government might oppose such a reduction. Id. at 7. Based on these recommendation, the parties estimated that movant's Total Offense Level was 31. Id. The parties further acknowledged that the Court was not bound by these recommendations, and its refusal to follow the parties' recommendations could not serve as a basis for movant to withdraw his plea.

As for Criminal History, the Plea Agreement states that the determination of movant's Criminal History Category "shall be left to the Court after it reviews the Presentence Report. . . .

Both parties retain their right to challenge, before sentencing, the findings in the Presentence Report as to [movant]'s criminal history and the applicable Criminal History Category." Id. at 8.

As for statutory penalties, the Plea Agreement provides that movant "fully understands" that the maximum possible penalty provided by law as to each of the counts in the indictment, aside from money laundering, is twenty (20) years, a fine not more than $250,000.00, or both. Id. at 20-21. The Plea Agreement further provides that movant "fully understands" that the maximum possible penalty provided by law as to money laundering is ten (10) years. Id. at 21.

With regard to representation, under the Plea Agreement movant agreed that he was "fully satisfied with the representation he received from his defense counsel," and that movant had "reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel." Id. at 24. The Plea Agreement provides that "no person has, directly or indirectly, threatened or coerced [movant] to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty." Id. at 25.

On June 2, 2009, movant appeared with counsel before this Court and pleaded guilty as charged. Movant took an oath to tell the truth and was asked several questions, the purpose of which was to establish the voluntariness of his plea. Specifically, movant was asked his age, the extent of his education, whether he was under the influence of alcohol or any drug, and whether he suffered from any mental disease or defect. See Hearing Transcript at 2-3. Movant gave appropriate responses to all the questions asked. Movant was advised of the charges to which he was pleading guilty and the maximum punishment, which was twenty (20) years imprisonment. Id. at 3. Movant stated under oath that his attorney had explained this to him, and that he understood the charges and the range of punishment. Movant, his counsel, and the government's attorney were asked whether there had been any threats or promises made in exchange for movant's guilty plea, and all responded

that there had not. Id. at 7. The Court accepted movant's guilty plea, the matter was set for sentencing, and a Presentence Investigation Report ("PSR") was ordered.

In the PSR, prepared on June 28, 2009, movant's total offense level was determined to be 31, and his criminal history was calculated to be a category I, based upon no known criminal convictions. See PSR at 23-4. Movant's Guidelines sentencing range was calculated to be 108 to 135 months. Id. at 27.

Movant's attorney, Mr. Rosanswank, filed written objections to the PSR on movant's behalf. He argued that the total offense level in the PSR did not include an adjustment for the minor role that movant played in the offenses charged. He argued that movant was a not a partner with Russell Todd McBride, his co-conspirator and co-defendant but rather, movant was Mr. McBride's employee, and that movant performed his duties under Mr. McBride's supervision. He also argued that movant did not create or develop the scheme described in the indictment. It was also Mr. Rosanswank's contention that movant did not benefit from this scheme in the amount of $2 million. According to the brief, the money may have been deposited in movant's bank account, but movant took directions from Mr. McBride and disbursed the money to others. Movant's attorney also argued that there were a number of other unindicted co-conspirators involved in the scheme who were clearly more culpable than movant, such as appraisers. Mr. Rosanswank argued that the government mistakenly believed movant's role in the scheme was far greater than it really was. Finally, defense counsel pointed out that many of the investors listed in the victim impact section were well aware that the value of the property had been improperly inflated.

The undersigned held a sentencing hearing on November 17, 2009. At the hearing, the Court heard arguments regarding movant's objections to the PSR. Movant's objections were overruled, and the Court found movant's role in the scheme was not minor, although it was not as great as Mr.

4

McBride's. Movant was given an opportunity to be heard, and movant stated that he did not have any other objections to the PSR. A victim of the scheme, Andrew Steven Berg, also testified at the hearing. Movant's counsel cross-examined this witness extensively. The undersigned declined to depart from the Guidelines and sentenced movant to a term of imprisonment of 60 months on Count 1, and 108 months on each of Counts 2, 3, 5-7, 9, 10, 12-16, 18, 19, 21-33, to run concurrently with each other for an aggregate term of 108 months imprisonment, followed by three (3) years of supervised release. The Court also ordered that movant make restitution in the amount of $9,124,351.14, jointly and severally with his co-defendant, Mr. McBride. Despite being informed by the Court at the sentencing hearing and in the written Plea Agreement that he had a right to appeal, movant did not file an appeal with the Eighth Circuit Court of Appeals.

In the § 2255 motion presently before the Court, movant asserts two (2) grounds for relief:

Ground One: Movant asserts that he received ineffective assistance of counsel during the plea agreement negotiations. See Doc. 1 at 4. More specifically:

> I received my plea agreement only a couple days before court date. I told counsel I needed it explained. He said he would be at court 2 hours early prior to plea. He showed up ½ hour before plea. I told him the plea agreement was almost same as indictment. I told him I didn't want to accept it. He said to sign it and accept that he would get lower sentence at sentencing. I told him I didn't want to accept plea agreement but he insisted I accept. I had never been through anything like this before so I did what he said knowing I didn't want to accept it. He told me to trust him he knew what he was doing. So I did and ended up with 108 months sentence. I told my attorney a lot of the charges were wrong but he never listened to me and said trust him.

Id.

Ground Two: Movant asserts that he was denied due process of law when the Court imposed a sentence based on inaccurate facts. See Doc. 1 at 5. More specifically:

> The Court imposed a sentence of 108 months based on the erroneous belief that the counts in the indictment had a loss of 9 million dollars

5

> when in fact the loss was only approx. ½ million in the homes listed in the indictment. Less than $200,000 was run through my bank, the rest through my co-defendant. The total program included approx. 300 homes with valued loss at 9 million. But this indictment only had 9 homes valued as I said of only less than ½ million. Even the 9 million against me was wrong if you used the entire 300 homes. My PSI clearly shows only 2.1 million went through my bank the remaining 7 million went through my co-defendant who ran the program. My attorney said that the sentence range was based on loss. The accurate figures what have reduced my sentence range by a lot. My attorney never argued or fought this.

Id.

## *II. Legal Standard*

Pursuant to 28 U.S.C. § 2255, a defendant may seek relief on grounds that the sentence was imposed in violation of the Constitution or law of the United States, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. To warrant relief under § 2255, the errors of which movant complains must amount to a fundamental miscarriage of justice. Davis v. United States, 417 U.S. 333 (1974); Hill v. United States, 368 U.S. 424, 428 (1962). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982).

"A § 2255 motion 'can be dismissed without a hearing if (1) the [movant]'s allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

## III. Discussion

### A. Ineffective Assistance of Counsel.

In Ground One, movant argues that Mr. Rosanswank was ineffective in that he pressured movant to sign a plea agreement movant did not want to sign. "To establish ineffective assistance of counsel within the context of section 2255, . . . a movant faces a heavy burden." United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). To prevail on an ineffective assistance of counsel claim, movant must show that his counsel's performance was deficient and that he was prejudiced by the deficient performance. See McReynolds v. Kemna, 208 F.3d 721, 722 (8th Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). "Counsel's performance was deficient if it fell outside the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723 (internal quotations and citations omitted). Prejudice is shown if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. A court may address the two prongs of the Strickland test in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong. Strickland, 466 U.S. at 697; Fields v. United States, 201 F.3d 1025, 1027 (8th Cir. 2000).

Defendants' Sixth Amendment right to counsel extends to the plea-bargaining process. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). See also Missouri v. Frye, 132 S. Ct. 1399 (2012), Padilla v . Kentucky, 559 U.S. 356 (2010), and Hill v. Lockhart, 474 U.S. 52, 58 (1985). During plea negotiations defendants are "entitled to the effective assistance of competent counsel." Lafler, 132 S. Ct. at 1384 (citing to McMann v. Richardson, 397 U.S. 759, 771 (1970)). The Strickland standard applies to guilty plea challenges premised upon allegations of ineffective assistance of

7

counsel. Hill, 474 U.S. at 58. To satisfy the second prong's "prejudice" requirement, the movant must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. In other words, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler, 132 S. Ct. at 1384.

Movant claims that he signed the Plea Agreement as a result of ineffective assistance of counsel. Movant asserts that he did not want to accept the Plea Agreement, but his attorney told him to and that he would get movant a lower sentence at sentencing if he signed the agreement, and therefore he did. Despite movant's assertion that he was pressured into signed the Plea Agreement, the Court finds there is no evidence in the record to establish that Mr. Rosanswank coerced movant into pleading guilty, or that the plea was involuntary.

First, movant stated under oath at the change of plea hearing held on June 2, 2009, that he understood the charges against him and the penalty he faced; that he was entering the plea voluntarily; and that he had not been coerced or threatened by anyone into entering a plea of guilty. United States v. Robinson, 64 F.3d 403, 405 (8th Cir. 1995) ("the transcript of the [guilty plea] hearing shows beyond doubt that [petitioner]'s plea was not coerced and he was aware that he was waiving certain rights, including his right to appeal the denial of his suppression motion.") (internal quotation omitted). Despite alleging in his motion to vacate that he did not want to accept the plea agreement, after being sworn in at the plea hearing, movant informed the Court under oath that he wished "to enter a guilty plea in this matter." See Hearing Transcript at 2. After being advised of the ranges of punishment for the indicted offenses, the undersigned asked movant whether he understood the potential punishment. Movant responded "Yes, my attorney explained everything to me." Id. at 4. The Court then stated, "Yes, but do you understand it." And movant replied,

"Yes." Id. 3-4. When the undersigned asked, "Mr. Wrolstad, are you pleading guilty because you are, in fact, guilty," Movant replied, "Yes, Your Honor." Id. At no time during the hearing did movant state that he was coerced into entering the Plea Agreement or that he was not guilty. He also did not state that he wished to go to trial, and to the Court's knowledge, he never has expressed that desire.

Second, the Plea Agreement supports a finding that the plea was not coerced. Movant acknowledged in his Plea Agreement that he was satisfied with his counsel's representation, as follows:

> The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

See Plea Agreement at 24.

> In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty. . . . The defendant acknowledges that the defendant has voluntarily entered into both this plea and these agreements, recommendations and stipulations. The defendant further acknowledges that this guilty plea is made of the defendant's own free will because the defendant is, in fact, guilty of the conduct specified in sections four and five above.

Id. at 24-25.

Finally, movant has never moved to withdraw his guilty plea. And despite being given the opportunity to speak at both his change of plea hearing and the sentencing hearing, movant never stated that he was coerced into pleading guilty or that he was dissatisfied with his representation. He has never asserted, even in his motion to vacate, that he wished to go to trial. Mr. Rosanswank filed an affidavit that supports this:

9

> I can say in complete candor that I never threatened, coerced, or otherwise required [movant] to entered into any plea agreement. As noted previously, [movant] never expressed any interest in proceeding to trial in the case as he acknowledged at all times his guilt as to the charged offenses. I did, in fact, advise him that I believed it to be in his best interest to accept the plea agreement, and he accepted my advice in his regard. I also assured him that I would do everything in my power to obtain the lowest possible sentence for him in this case, which I did.

See Doc. 3, Ex. 3.

The Court also does not agree with movant's contention that Mr. Rosanswank did not diligently represent him. Mr. Rosanswank made several written objections to the PSR, in which he made a appreciable effort to portray movant as a minor player in the mortgage fraud scheme. And at the sentencing hearing, Mr. Rosanswank forcefully argued these objections. The Court overruled these objections, but that is not to say that Mr. Rosanswank's efforts were not diligent. Ultimately, these efforts failed, and the Court declined to grant movant a two-level reduction, but defense counsel's efforts were not deficient.

In sum, the Court finds movant has failed to show that he received ineffective assistance of counsel in that his attorney pressured him into signing a plea agreement that he did not want to sign. There is no evidence that movant's attorney coerced him into signing the plea agreement. All the evidence, including movant's own statements at the change of plea hearing, indicates that movant enter a plea of guilty voluntarily. Furthermore, the Court finds Mr. Rosanswank's efforts fell within "the wide range of professionally competent assistance." McReynolds, 208 F.3d at 723. Movant also cannot show how he was prejudiced. There is no evidence whatsoever that movant would have proceeded to trial. Movant simply cannot show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59. The Court finds movant's claim of ineffective assistance of counsel arises out of

disappointment that the Court handed down a sentence that was longer than he and his attorney had hoped for.

**B.    The Court Did Not Err in Sentencing.**

In Ground Two movant faults the Court for relying on misinformation in the indictment and the PSR. This claim is procedurally barred because movant could have raised it on appeal, and movant waived the right to raise this claim post-conviction. It is also without merit.

If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 165 (1982); Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997). If a movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person . . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the Court that "it is more likely than not that no reasonable juror would have found [movant] guilty beyond a reasonable doubt." Id. at 327. See also Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion).

"Cause" under the cause and prejudice test "must be something external to the [movant], something that cannot fairly be attributed to him," for example, a showing that the factual or legal basis for a claim was not reasonably available, or that some interference by officials made compliance with the procedural rule impracticable. Stanley v. Lockhart, 941 F.2d 707, 709 (8th Cir. 1991) (citing Coleman v. Thompson, 501 U.S. 722 (1991)); see also Greer v. Minnesota, 493 F.3d 952, 957-58 (8th Cir. 2007). Movant does not make a claim of actual innocence and he has not attempted to show

cause for his failure to raise the claim in Ground Two on direct appeal. Therefore, the claim is procedurally barred.

Movant also waived the right the raise this claim by signing the Plea Agreement. In the Plea Agreement, movant agreed "to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of ineffective assistance of counsel at the time of sentencing." See Plea Agreement at 4. "A defendant may waive the right to seek collateral relief under § 2255." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011). The Court finds movant waived his right to bring the claim in Ground Two. See Chesney v. United States, 367 F.3d 1055, 1057-58 (8th Cir. 2004) (upholding waiver of right to appeal found in plea agreement).

But even if the Court were to review the claim on the merits, it would be dismissed. Aside from his own assertion, movant has presented no evidence to show that the facts recited in the indictment and PSR were inaccurate. Movant pleaded guilty to these facts. At the change of plea hearing, movant stated under oath that the facts as presented in the indictment did in fact happen. See Hearing Transcript at 4-9. Movant also signed the Plea Agreement, which recited a number of fraudulent transactions, totaling hundreds of thousands of dollars. The Plea Agreement also states: "There are also over 250 other transactions involving the sale of residential real estate located in the Eastern District of Missouri during the past six years in which McBride and Wrolstad fraudulently obtained mortgage loan proceeds causing losses to lenders and purchases of more than Seven Million Dollars but less than Twenty Million Dollars, which may be consider as relevant conduct." See Plea Agreement at 17. As stated above, movant has not shown that his plea was anything but voluntary.

Furthermore, in responding to movant's motion to vacate, the government presented evidence to show that movant was involved in a large mortgage fraud scheme that caused lenders and

investors to sustain losses exceeding nine million dollars. Movant did not file a traverse and respond or object to this evidence. At sentencing, the Court was given information that movant was involved in a mortgage fraud scheme that caused lenders to suffer losses in excess of nine million dollars. Movant's attorney did not argue that the scheme involved losses less than nine million dollars, but rather, he argued in his objections to the PSR that movant's role in the mortgage fraud scheme was less than the government had portrayed, and that there were others who were more culpable but who had not been indicted. The Court heard and considered these arguments, but it rejected defense counsel's request to reduce movant's total offense level. Aside from movant's unsupported assertions, there is nothing in the record to indicate that the PSR was somehow inaccurate. There is no basis for movant's argument that it was error for the district court to have relied on the facts of the indictment or PSR in sentencing movant.

## IV. Conclusion

In his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, movant has failed to raise a meritorious and cognizable claim. In Grounds One, movant has raised claims of ineffective assistance of counsel. The claims are without merit because movant has not shown his counsel's performance was constitutionally defective and that he suffered prejudice. The claim in Ground Two of error by the district court is procedurally barred because the issue could have been raised on appeal and movant waived his right to raise this claim in a 2255 motion to vacate. Moreover, the Court finds it is without merit.

Accordingly,

**IT IS HEREBY ORDERED** that movant Robert Paul Wrolstad's motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody is **DENIED.** [Doc. 1].

**IT IS FURTHER ORDERED** that movant Robert Paul Wrolstad has not made a substantial showing of the denial of a constitutional right such that reasonable jurists would find the Court's assessment of the constitutional claims debatable, or that reasonable jurists would find it debatable whether the Court was correct in its procedural rulings, and therefore this Court will not issue a certificate of appealability on those claims.  See Miller-El v. Cockrell, 537 U.S. 332, 338 (2003); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  6th  day of March, 2014.